UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BOBBY REE MCGEE, JR.,

       Petitioner,

v.                                                      CASE NO. 6:11-cv-331-Orl-31DAB
                                                        (6:08-cr-264-Orl-31DAB)

UNITED STATES OF AMERICA,

       Respondent.

_____

**<u>ORDER</u>**

This case involves a motion to vacate, set aside, or correct an illegal sentence
pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Bobby Ree McGee, Jr.  The Government
filed a response (Doc. No. 6) to the section 2255 motion in compliance with this Court's
instructions and with *The Rules Governing Section 2255 Proceedings for the United States
District Courts*.  Petitioner filed a reply and an amended reply to the Government's
response (Doc. Nos. 7 & 9).

Petitioner alleges one claim for relief, he is actually innocent of his sentence pursuant
to the Armed Career Criminal Act ("ACCA").  For the following reasons, the motion is
denied.

**I.**     ***Procedural History***

Petitioner was charged by indictment with one count of possession of a firearm by
a convicted felon in violation in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).

(Criminal Case No. 6:08-cr-264-Orl-31DAB, Doc. No. 1).[1]  On August 18, 2009, Petitioner

entered a plea of guilty as charged pursuant to a written plea agreement.  *Id*. at Doc. Nos.

26, 42.  This Court accepted the plea and adjudicated Petitioner guilty.  *Id*. at Doc. Nos. 34,

38.

      At the sentencing hearing, Petitioner objected to some of the factual statements in

the Presentence Investigation Report ("PSR") concerning his conviction for resisting an

officer without violence[2] in case number CR 89-457 and his conviction for attempted

robbery in case number 86CR598.  *Id*. at Doc. No. 44 at 3-5.  The Court sustained

Petitioner's objections.  *Id*.  Petitioner, however, did not assert that he did not commit these

offenses nor did he object to his other prior felony convictions contained in the PSR or to

his designation as an armed career criminal.  *Id.* at Doc. No. 44 at 3-7.  Thus, the Court

calculated Petitioner's base offense level to be 30, after subtracting three points for

---

[1]Criminal Case No. 6:08-cr-264-Orl-31DAB will be referred to as "Cr. Case."

[2]Petitioner maintains that his conviction in case 89-457 was for misdemeanor resisting an officer without violence.  To support his position, he relies on the PSR, which reflects he was convicted of resisting an officer without violence.  The Government maintains that Petitioner was actually convicted of resisting an officer with violence and the PSR contained a typographical error.  The Government filed the judgment in case 89-457, reflecting a conviction for resisting an officer with violence pursuant to Section 843.01, Florida Statutes.  (Doc. No. 6-1 at 1-2.)  The Court notes that the plea agreement contains a factual statement which lists Petitioner's conviction as one for resisting an officer with violence.  (Cr. Case, Doc. No. 26 at 17.)  Moreover, at the plea hearing, Petitioner admitted that he read every word of the plea agreement before he signed it and affirmed that the statement of facts contained in the plea agreement was true and correct.  (Cr. Case, Doc. No. 42 at 6-12, 19-20.)  Nevertheless, at the sentencing hearing, the Government did not object to the PSR's classification of this conviction as one for resisting an officer without violence.  (Cr. Case, Doc. No. 44 at 5.)

2

acceptance of responsibility, and his criminal history category as V, yielding a Guidelines range of 180 to 188 months of imprisonment.  (Cr. Case, Doc. No. 44 at 6.)  On November 6, 2009, the Court sentenced Petitioner to the mandatory minimum sentence of a 180-months pursuant to the ACCA.[3]  *Id.* at Doc. No. 44 at 6.  Petitioner did not appeal.

## II.    Analysis

Petitioner contends that he is actually innocent of the ACCA enhancement based on *Johnson v. United States*, __ U.S. __, 130 S. Ct. 1265 (2010).  In support of his claim, Petitioner maintains that his prior convictions for resisting an officer without violence, sale of counterfeit substance in lieu of controlled substance, delivery of cocaine, resisting an officer with violence , battery on a law enforcement officer, driving with license revoked or suspended as a habitual offender, and  possession of cannabis with intent to sell are not violent felonies or serious drug offenses as contemplated by the ACCA.  As discussed hereinafter, the Court concludes that Petitioner's claim is procedurally defaulted and otherwise without merit.

### A.    Timeliness

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --

---

[3]To qualify for an ACCA enhancement, a defendant must have been convicted of three or more violent felonies or serious drug offenses as defined under the ACCA. *See* 18 U.S.C. § 924(e).

3

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court entered judgment in Petitioner's criminal case on November 6, 2009. (Cr. Case, Doc. No. 28.)  Petitioner did not file a Notice of Appeal.  Therefore, his conviction became final on November 23, 2009.  Fed. R. App. P. 4(b) (1)(A)(I) & 26(a)(2) (2009); *Adams v. United States*, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999).  The one-year period for filing the instant action pursuant to § 2255(f)(1) expired on November 23, 2010.  Petitioner filed the instant action on February 28, 2011.[4]

Nevertheless, Petitioner argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*.  As noted previously, § 2255 grants a petitioner one year to file a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[4]The motion is dated February 28, 2011, and in the absence of evidence to the contrary, the Court will presume the motion was delivered to prison authorities to be mailed on the same date.  *Houston v. Lack*, 487 U.S. 266 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  *Johnson* issued on March 2, 2010.  Thus, Petitioner's § 2255 motion was filed within this one-year period.  *See, e.g., Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004) (Section 2255(f)(3) begins to run on the date the Supreme Court recognizes a new right and concludes one year from that date).

The Government maintains that *Johnson* did not address the arguments that Petitioner is raising, specifically, whether resisting an officer with violence and delivery of cocaine are qualifying felonies pursuant to the ACCA.  *Johnson*, however, did hold that pursuant to the "elements" clause in 28 U.S.C. § 924(e)(2)(B)(i), the "physical force" necessary to qualify a crime as a violent felony must be "*violent* force — that is, force capable of causing physical pain or injury to another person."  130 S. Ct. at 1271 (emphasis in original).  Therefore, Petitioner's contention that his prior felonies are not violent felonies pursuant to the ACCA appears to be a claim falling under the new right established in *Johnson*.  The Government does not argue that *Johnson* is not retroactive to cases on collateral reivew nor does it argue that Petitioner has not satisfied the remaining requirements of § 2255(f)(3).  (Doc. No. 6 at 5-6.)  Although there is no Supreme Court or Eleventh Circuit precedent recognizing a new right under *Johnson* as being retroactively applicable to cases on collateral review pursuant to § 2255(f)(3), the Court accepts the Government's apparent acquiescence of such for purposes of this case.  Accordingly, Petitioner's § 2255 motion is timely pursuant to § 2255(f)(3).

### B.      Procedural Default

The Government maintains that Petitioner's claim is procedurally defaulted because he did not challenge his ACCA sentence on direct appeal.  The Court agrees.

A federal criminal defendant who does not preserve a claim by objecting at trial or raising the matter on direct appeal is procedurally barred from raising the claim in a § 2255 action.  *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998).  Procedural default may be excused, however, upon a showing of cause and prejudice or a fundamental miscarriage of justice.  *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).  "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error."  *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (*Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)).  To demonstrate cause for failing to raise a claim in an earlier proceeding, a petitioner must establish "'some external impediment preventing counsel from constructing or raising the claim.'"  *High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)).  To show prejudice, the petitioner must demonstrate that the error complained of "'actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'"  *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (*McCoy v. Newsome*, 953 F.2d 1252, 1261 (11th Cir. 1992)).

A defendant may demonstrate application of the fundamental miscarriage of justice exception by demonstrating "actual innocence."  *McKay*, 657 F.3d at 1196.  "'[A]ctual

innocence' means *factual* innocence, not mere legal insufficiency." *Id.* at 1197 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (emphasis in original).

In the instant case, Petitioner did not challenge his ACCA sentence enhancement on direct appeal.   To overcome his procedural default, Petitioner asserts that he is actually innocent of the sentence enhancement.

Neither the Eleventh Circuit nor the Supreme Court have applied the actual innocence exception to a non-capital sentence.  *McKay*, 657 F.3d at 1196–98.  Nevertheless, assuming the actual innocence exception may apply to non-capital sentences, a petitioner must establish that he is factually innocent of one of his prior convictions.  *Id.* at at 1197–98.  In *McKay*, the petitioner asserted that he was erroneously sentenced as a career offender because one of his predicate convictions was no longer considered a "crime of violence." *Id.* at 1191, 1198.  The Eleventh Circuit held that his claim was one of legal innocence, rather than factual innocence; and he, therefore, did not qualify for application of the fundamental miscarriage of justice exception.  *Id.* at 1198–99.

This case is analogous to *McKay*.  Petitioner merely argues that he is legally innocent of the ACCA enhancement because his underlying convictions are not crimes of violence or serious drug offenses.  Petitioner does not assert factual innocence, *i.e.*, that he did not commit the predicate offenses.   Accordingly, the fundamental miscarriage of justice exception to the procedural default rule does not apply, and Petitioner's claim is procedurally barred from review by this Court because it was not raised on direct appeal. *See, e.g., Wilson v. United States*, Nos. 3:10–cv–675–J–32MCR, 3:00–cr–8–J–32MCR, 2012 WL

2935581, *1 (M.D. Fla. July 18, 2012) (holding the petitioner's claim that he was actually innocent of his ACCA sentencing enhancement because one of his prior convictions was not a violent felony was procedurally barred pursuant to *McKay*).

### C.     Merits

Alternatively, the Court concludes that Petitioner has failed to demonstrate that he is actually innocent of the ACCA sentencing enhancement.  The PSR and plea agreement reflect *inter alia* that Petitioner had the following prior convictions: (1) Attempted Robbery in case number 86CR598, PSR ¶ 29; (2) Delivery of Cocaine in case number CR 93-1602, PSR ¶ 39; and (3) Resisting an Officer with Violence and Battery on a Law Enforcement Officer in case number CRC 96-1057, PSR ¶ 45.

Considering Petitioner's prior felony convictions contained in the PSR, the Court concludes that he had at least two prior violent felonies and one serious drug offense.  The Eleventh Circuit has concluded that under Florida law, robbery and attempted robbery categorically qualify as a crime of violence.  *See United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011).  Therefore, Petitioner's conviction for attempted robbery qualifies as a violent felony.

Furthermore, the Eleventh Circuit has concluded that a conviction for resisting an officer with violence pursuant to Section 843.01, Florida Statutes, qualifies as a "violent felony" under the "residual clause" of the ACCA.  *See United States v. Nix*, 628 F.3d 1341 (11th Cir. 2010); *see also United States v. Romo-Villalobos*, 674 F.3d 1246, 1249-51 (11th Cir. 2012).  Thus, Petitioner's conviction in case number CRC 96-1057 for resisting an officer

with violence qualifies as a violent felony under the ACCA.

Finally, the Eleventh Circuit has concluded that delivery of cocaine under Florida law qualifies as a serious drug offense under the ACCA. *See United States v. Pitts*, 394 F. App'x 680, 683-84 (11th Cir. 2010) (citing 18 U.S.C. § 924(e)(2)(A)(ii)).  At sentencing, Petitioner did not assert that he had not committed these three prior offenses as contained in the PSR.  Thus, Petitioner had at least three qualifying predicate convictions warranting the ACCA sentencing enhancement.  Accordingly, if this claim were not procedurally barred from review, it would be denied on the merits.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:08-cr-264-Orl-31DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Case Doc. No. 41) pending in that case.

4.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[5]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 6th day of July, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 8/6
Bobby Ree McGee
Counsel of Record

---

[5]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.